UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:22-cv-386-VBF (MAR)                                                   Date:  January 21, 2022

Title:   *Dywane Tousant v. B. Birkholz et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:   (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

## I.
## BACKGROUND

On April 1, 2009, a grand jury indicted Petitioner Dywane Tousant ("Petitioner") on one (1) count of sexual exploitation of a child (18 U.S.C. § 2251(a), (e) and 2). United States v. Dorrough, et al., No. 3:09-CR-1250-W (S.D. Cal. April 1, 2009), ECF Docket No. ("Dkt.") 1. On October 30, 2009, a superseding indictment was issued charging one (1) count of sexual exploitation of a child (18 U.S.C. § 2251(a), (e) and 2), one (1) count of sex trafficking of children by force, fraud, and coercion (18 U.S.C. § 1591(a), (b) and 2), and one (1) count of attempted sex trafficking of children by force, fraud, and coercion (18 U.S.C. § 1591(a) and (b), § 1594 and 2). Id., Dkt. 54. Pursuant to a plea agreement, Plaintiff subsequently pled guilty to count 2 of the superseding indictment on November 2, 2009. Id., Dkt. 56, 58. On June 2, 2010, the United States District Court for the Southern District of California sentenced Petitioner to one hundred twenty (120) months' imprisonment to run consecutively to Petitioner's fifteen (15) month state court sentence in case number SCS225068. Id., Dkt. 126, 132. On October 18, 2021, Petitioner filed a motion to withdraw guilty plea, which was denied. Id., Dkt. 251, 255.

On November 4, 2021, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255. Id., Dkt. 256; see also Dywane Tousant v. United States, No. 3:21-CV-1905-W. The motion remains pending in the United States District Court for the Southern District of California with a briefing schedule and reply due by April 11, 2022. Id., Dkt. 265.

On January 18, 2022, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241 ("section 2241"). Dkt. 1. Petitioner is currently incarcerated at the Lompoc Federal Correctional Institution. Id. The Petition alleges various consitutuional claims, including the denial of the effective assistance of counsel and a failure to include lesser included offenses in the indictment. Id. at 2-4. Furthermore, Petitioner appears to

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-386-VBF (MAR)                                             Date:  January 21, 2022

Title:   <u>Dywane Tousant v. B. Birkholz et al.</u>

argue that he filed this action in the Central District of California for "immediate relief due to ex post facto violations." <u>Id.</u> at 5.

## II.
## DISCUSSION

**A.   28 U.S.C. § 2255 MOTION**

    **1.   Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court. <u>Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court.  Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting <u>Stephens</u>, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Bousley v. United States</u>, 523 U.S. 614(1998)).  With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider:  "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-386-VBF (MAR)                                        Date:  January 21, 2022

Title:   *Dywane Tousant v. B. Birkholz et al.*

**2.   Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956.  Rather, Petitioner appears to challenge the legality of his 2009-2010 conviction and sentence.  See Dkt. 1 at 7–10.  Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

Here, Petitioner does not allege actual innocence, but instead makes a series of allegations concerning his October 1983 deportation proceedings, and challenges the constitutionality of section 1326, the statute underlying his 2017 conviction.  Dkt. 1 at 2–7.  However, even if Petitioner did allege actual innocence, the Petition fails to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at 898 (citations omitted).  Petitioner also fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  In fact, as described above, Petitioner has a section 2255 motion currently pending in the United States District Court for the Southern District of California.  Thus, the instant Petition appears to be a section 2255 motion disguised as a section 2241 motion and this Court lacks jurisdiction over the Petition.  See Hernandez, 204 F.3d at 864–65.

**III.
ORDER**

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by February 14, 2022**.  In the response, Petitioner must select one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order.  **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:22-cv-386-VBF (MAR)                                             Date:  January 21, 2022

Title:   *Dywane Tousant v. B. Birkholz et al.*

The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____        _____
*Date*                               *Signature of Attorney/Party*


*NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*