UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYWANE TOUSANT,<br><br>                Petitioner,<br><br>      v.<br><br>B. BIRKHOLZ,<br><br>                Respondent. | Case No. 2:22-cv-386-VBF (MAR)<br><br>MEMORANDUM AND ORDER DISMISSING THE ACTION |

## I.

## **INTRODUCTION**

On January 18, 2022, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. The Petition alleges various constitutional challenges to his Petitioner's conviction and sentence. Dkt. 1 at 2–4. On January 21, 2022, the Court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 3. On February 14, 2022, Petitioner filed a Response.

---

[1] Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner. However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

Dkt. 4. As discussed below, the action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## II. BACKGROUND

On April 1, 2009, a grand jury indicted Petitioner Dywane Tousant on one (1) count of sexual exploitation of a child (18 U.S.C. § 2251(a), (e) and 2). United States v. Dorrough, et al., No. 3:09-CR-1250-W (S.D. Cal. April 1, 2009), Dkt. 1. On October 30, 2009, a superseding indictment was issued charging one (1) count of sexual exploitation of a child (18 U.S.C. § 2251(a), (e) and 2), one (1) count of sex trafficking of children by force, fraud, and coercion (18 U.S.C. § 1591(a), (b) and 2), and one (1) count of attempted sex trafficking of children by force, fraud, and coercion (18 U.S.C. § 1591(a) and (b), § 1594 and 2). Id., Dkt. 54. Pursuant to a plea agreement, Plaintiff subsequently pled guilty to count 2 of the superseding indictment on November 2, 2009. Id., Dkt. 56, 58. On June 2, 2010, the United States District Court for the Southern District of California sentenced Petitioner to one hundred twenty (120) months' imprisonment to run consecutively to Petitioner's 15-month state court sentence in case SCS225068. Id., Dkt. 126, 132. On October 18, 2021, Petitioner filed a motion to withdraw plea, which was denied. Id., Dkt. 251, 255.

On November 4, 2021, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255. Id., Dkt. 256; see also Dywane Tousant v. United States, No. 3:21-CV-1905-W. The motion remains pending in the U.S. District Court for the Southern District of California with a briefing schedule and reply due by April 11, 2022. Id., Dkt. 265.

On January 18, 2022, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241 ("section 2241"). Dkt. 1. Petitioner is currently incarcerated at the Lompoc Federal Correctional Institution. Id. The Petition alleges various constitutional claims, including the denial of the effective assistance of counsel and a failure to include lesser included offenses in the indictment. Id. at 2-4. Furthermore, Petitioner appears to argue that he filed this action in the Central District of California for "immediate relief due to ex

post facto violations." Id. at 5.

On January 21, 2022, the Court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 3. On February 14, 2022, Petitioner filed a Response. Dkt. 4. Petitioner does not directly respond to the Court's inquiry about its probable lack of jurisdiction or the three options presented. Instead, he discusses his constitutional challenges to the legality of his detention. Dkt. 4 at 1-7. Petitioner also reveals that he is availing himself of the training and education programs offered at the prison, for which he should be commended. Id. at 7.

### III. DISCUSSION

**A.  28 U.S.C. § 2255 MOTION**

**1.  Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate under section 2255 and "§ 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed

3

1  procedural shot at presenting that claim.' " Marrero v. Ives, 682 F.3d 1190, 1192 (9th
2  Cir. 2012) (quoting Stephens, 464 F.3d at 898).
3        With respect to the first prong of section 2255's escape hatch, an actual
4  innocence claim requires a petitioner to "demonstrate that, in light of all the evidence,
5  it is more likely than not that no reasonable juror would have convicted him."
6  Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)). "It is
7  important to note ... that 'actual innocence' means factual innocence, not mere legal
8  insufficiency." Bousley, 523 U.S. at 623. With respect to the second prong of section
9  2255's escape hatch, whether the petitioner has not had an "unobstructed procedural
10 shot" at presenting his actual innocence claim, the Court must consider: "(1) whether
11 the legal basis for petitioner's claim did not arise until after he had exhausted his direct
12 appeal and first § 2255 motion; and (2) whether the law changed in any way relevant
13 to petitioner's claim after that first § 2255 motion." Alaimalo v. United States, 645
14 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).
15     **2.    Analysis**
16       Here, Petitioner does not challenge "the manner, location, or conditions of a
17 sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner appears to
18 challenge the legality of his 2009/2010 conviction and sentence. See Dkts. 1, 4.
19 Thus, Petitioner cannot proceed in this Court, the custodial court, unless section
20 2255's "escape hatch" provision applies. See Lorentsen, 223 F.3d at 953.
21       First, Petitioner has not shown "in light of all the evidence, it is more likely
22 than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at
23 898. Petitioner argues that ineffective assistance of counsel, failure to include lesser
24 included offenses in the indictment, and an ex post facto violation render his guilty
25 plea unconstitutional. Dkt. 1 at 2-4; Dkt. 4 at 1. He also argues that his guilty
26 plea/plea agreement were coerced. Id. at 2. However, Petitioner does not contest
27 that he was factually innocent of any of the counts he was convicted of. Furthermore,
28 it is unclear whether Petitioner argues that his sentence is illegal, but to the extent that

4

he does, a purely legal argument in that regard is not cognizable as a claim of "actual innocence." Marrero, 682 F.3d at 1193 (purely legal argument regarding sentencing did not go to factual innocence and therefore was not an "actual innocence" claim).

Petitioner also fails to establish that he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch. See Alaimalo, 645 F.3d at 1047. The legal basis for Petitioner's claims all arose before he filed his section 2255 motion in the United States District Court for the Southern District of California. Indeed, Petitioner appears to have already made the same arguments in that motion and his motion to withdraw his guilty plea. United States v. Dorrough, et al., No. 3:09-CR-1250-W (S.D. Cal.), Dkt. 251, 256; see also Dywane Tousant v. United States, No. 3:21-CV-1905-W, Dkt. 1. In fact, Petitioner's section 2255 motion is currently pending in the United States District Court for the Southern District of California. Thus, the instant Petition appears to be a section 2255 motion disguised as a section 2241 motion and this Court lacks jurisdiction over the Petition. See Hernandez, 204 F.3d at 864–65.

## IV.  ORDER

**IT IS THEREFORE ORDERED THAT** Petitioner's Motion is **DENIED** and the Petition is **DISMISSED** without prejudice.

Dated:  August 8, 2022                              /s/ Valerie Baker Fairbank

                                                    _____
                                                    HONORABLE VALERIE B. FAIRBANK
                                                    Senior United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge